**BOB LAYNE CONTRACTOR, INC., a corporation, Plaintiff-Appellant,**

v.

**Charles L. BARTEL et al., Defendants-Appellees.**

**No. 73–1841.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 17, 1974.

Decided Nov. 1, 1974.

Alvin E. Meyer, Indianapolis, Ind., John O. Henry, Dayton, Ohio, for plaintiff-appellant.

R. Stanley Lawton, Indianapolis, Ind., Frank E. Gilkison, Muncie, Ind., for defendants-appellees.

Before SPRECHER and TONE, Circuit Judges, and PERRY, Senior District Judge. *

SPRECHER, Circuit Judge.

This appeal tests the propriety of the entry of a summary judgment by the district court.

I

The plaintiff, Bob Layne Contractor, Inc., is an Indiana corporation engaged in the development of residential real es-

* Senior District Judge Joseph Sam Perry of the Northern District of Illinois is sitting by designation.

tate and in the construction and sale of single-family residences thereon.

On May 4, 1960, Layne platted and recorded the plat of a subdivision known as "Layne Crest Addition," an addition to the City of Muncie, Indiana, consisting of 207 lots on 50.07 acres. Recorded with the subdivision plat were "restrictions, conditions and limitations for Layne Crest Addition," drafted and adopted by Layne, which restricted "each and every lot in said addition" to "residential purposes" with not more than "one single family dwelling" on any lot.. These restrictive covenants were "to run with the land and shall be binding on all parties and all persons claiming under them for a period of twenty-five (25) years from said date these covenants are recorded, after which time said covenants shall be extended automatically for successive periods of ten (10) years unless an instrument signed by a majority of the owners of the lots has been recorded, agreeing to change said covenants in whole or in part."

Finally, "enforcement shall be by proceedings at law or in equity against any person or persons violating or attempting to violate any covenant either to restrain violation or to recover damages."

Approximately 135 lots improved with single family dwellings were sold to individual owners. During the mid-1960's plans were developed for the construction of a four-lane freeway along the northern boundary of Layne Crest. Recognizing that the freeway would render approximately 49 lots at the north end of the subdivision more suitable for commercial than residential development, Layne brought a proceeding to vacate that part of the plat of Layne Crest Addition.

No reference was made in the vacation proceedings to the restrictive covenants; none of the lot owners were named as parties to those proceedings; and no attempt was made to seek an agreement by a majority of the lot owners to nullify the restrictive covenants.

On March 23, 1967, a judgment was entered by the Delaware County, Indiana, Circuit Court vacating the northern portion of the plat. At about the same time Layne attempted but failed to obtain from the Muncie City Council the rezoning of the property for commercial use.

On January 16, 1968, the owners of eleven lots in Layne Crest brought on behalf of themselves and the other lot owners of Layne Crest a suit in the Delaware County Superior Court to enjoin the violation by Layne of the restrictive covenants. After a trial the court on May 25, 1971, awarded the lot owners an injunction prohibiting Layne's violation of the restrictive covenants, finding that the covenants ran with the land, that they were not dissolved by Layne's vacation suit, and that they could be dissolved only by an agreement of the majority of owners or by legal action with notice to each owner.

While the injunction suit was pending, Layne in August, 1968, on his second attempt, procured rezoning of the northern part of Layne Crest by the Muncie City Council for commercial use and made some attempts to sell the northern part for development as a shopping center. Also on June 5, 1970, Layne brought this suit in the federal district court against the lot owners who were plaintiffs in the state court injunction suit and others, alleging antitrust violations and seeking damages and injunctive relief.

Layne and the antitrust defendants all filed motions for summary judgment. On July 12, 1973, the district court denied Layne's motion and granted the defendants' motions. Layne appealed.

Thereafter on October 4, 1973, the Court of Appeals of Indiana affirmed the injunctive relief granted to the lot owners, except modifying it to limit the duration of the injunction to the length of time provided for in the plat restrictions of Layne Crest Addition. Bob Layne Contractor, Inc. v. Buennagel, 301 N.E.2d 671 (Ind.App.1973). Under the injunction Layne is enjoined from "in

any manner using for commercial purposes or in any manner seeking to sell or develop for commercial purposes or use" the 49 northern lots.

## II

Layne contends that summary judgment for the defendants was improper because the facts reveal that (1) Charles L. Bartel, the majority shareholder of Middletowne Corporation, which developed a single-family residential subdivision north of Layne Crest and who resided in that subdivision, had paid some money to oppose Layne's rezoning attempts to the same attorney who later brought the injunction suit in the state court and (2) the manager of a Welles Stores, Inc. (owned by Miller-Wohl Co., Inc.), a unit in a Muncie shopping center, contributed $300 in 1967 to a fund to hire an attorney to resist the Layne rezoning.

Based upon the uncontroverted facts in the record before it, the district court made the following findings and conclusions, among others:

In April, 1967, plaintiff corporation caused a rezoning proceeding to be commenced in the Delaware-Muncie Metropolitan Plan Commission whereby it sought to have rezoned from residential to commercial certain of the land platted in Layne Crest but not yet developed by the building of residences thereon. This rezoning proceeding was opposed in the Plan Commission and the City Council by some 325 persons from Layne Crest and from other areas in northwest Muncie who called themselves the Northwest Citizens Association. All of the individual defendants were among the group of 325, the sole purpose of which was to remonstrate against the zoning proceeding. A number of persons residing in the area, including Welles, contributed to a fund, the purpose of which was to hire an attorney to resist the rezoning. Defendants, Miller-Wohl Co., Inc., Mr. Bartel or Middletowne Corporation, did not contribute to this fund. All of the fund

was used for the purpose of opposing plaintiff's rezoning proceedings. Jack Trachtman was the manager of the Welles store in 1967. Defendant, Bruce Beam, a resident of Layne Crest, requested of Mr. Trachtman, in the summer of 1967, a contribution by Welles to oppose the rezoning. Mr. Trachtman had authority to expend certain discretionary funds for various community purposes but this fund was depleted at the time. Mr. Trachtman requested and received approval from Mr. Fortgang, president of the company, to expend the sum of $300.-00 and did deliver $300.00 to Mr. Beam, or defendant, John Jilbert, a Layne Crest resident who acted as treasurer for contributions to the group known as Northwest Citizens Association. Mr. Trachtman did not know the name of the group opposing the rezoning and contributed as a good will gesture to the community to persons who represented customers of his store. Trachtman did not know the nature of the rezoning. He was not asked and did not make any other contribution to oppose the rezoning. Mr. Trachtman had made previous requests to Mr. Fortgang for increases in his discretionary fund such as $500.00 for a scholarship. Mr. Trachtman operated the Welles store pretty much autonomously and his request for the $300.00 was automatically approved. The discretionary funds were at the disposal of the manager for promotion and enlargement of sales. The remonstrance was successful in that the rezoning was denied by the Muncie City Council in late 1967.

Thereafter in 1968, plaintiff corporation commenced another proceeding to rezone the same land in Layne Crest to a commercial use. This proceeding was also opposed by the group calling itself Northwest Citizens Association. In February, 1968, after this second proceeding was initiated by plaintiff corporation in the Plan Commission, but still pending, certain individuals (the individual defendants

herein, except Bartel) who were residents of Layne Crest filed suit in their individual names in the Superior Court of Delaware County No. 2, in Cause No. 2S–68/119, to enjoin plaintiff corporation from violating certain single-family residence restrictive covenants recorded with the plat of Layne Crest, by selling or attempting to use the portion sought to be rezoned . . . for commercial purposes.

\* \* \* \* \* \*

Neither Mr. Bartel personally nor any officer, employee or agent of defendants, Welles Stores, Inc. (Muncie), Miller-Wohl Co., Inc., . . . or Middletowne Corporation, influenced or attempted to influence the filing of Cause No. 2S–68/119 in the Delaware Superior Court No. 2, which resulted in Bob Layne Contractor, Inc. being enjoined from violating its own restrictive covenants by using for or selling for commercial use the portion of Layne Crest which was rezoned for commercial use. Mr. Bartel knows no one in the Welles Corporation and never discussed the legal action with anyone from Welles. None of the plaintiffs in the injunction suit (who, with the exception of Bartel, constitute the individual defendants here) considered any purported interest of Welles or Bartel in filing that suit. They were solely motivated to protect their own residential property by enforcing the residential restrictions in the addition.

 Attempts by a group of citizens to influence a zoning board or the City Council with respect to the zoning of property in their vicinity are not impermissible. Eastern R.R. Presidents Conference v. Noerr Motor Freight, Inc., 365 U.S. 127, 81 S.Ct. 523, 5 L.Ed.2d 464 (1961). The institution of litigation under the facts of this case to enforce restrictive covenants on the platted land is not forbidden by the antitrust laws of the United States.

We agree with the district court that there is no genuine issue as to any material fact and that the defendants were entitled to judgment as a matter of law.

Judgment affirmed.